IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ALLEN VANDERPOOL, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 1:25-CV-196-WKW [WO] |
| HOUSTON COUNTY JAIL, COMMANDER MOORE, CORPORAL PHILLIPS, JASON SMOAK, and DONALD J. VALENZA, | ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Defendants' Motion for a More Definite Statement. (Doc. # 22.) For the reasons explained, the motion will be granted.

**I.    Subject Matter Jurisdiction**

Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.

**II.    Plaintiff's Complaint**

Plaintiff Christopher Allen Vanderpool filed this action against Defendants, alleging constitutional violations occurring during his confinement at the Houston County Jail in Dothan, Alabama. (Doc. # 1.) Using a preprinted form for initiating civil rights actions based upon constitutional violations, he presents three grounds.

First, he asserts that he has received "inadequate medical care," amounting to "deliberate indifference to a serious medical need." (Doc. # 1 at 2.) Specifically, Plaintiff alleges that Defendant Jason Smoak, identified as a physician, was informed of his abdominal pain on December 18, 2024, but failed to ensure a proper medical evaluation. (Doc. # 1 at 3; Doc. # 1-1.)

Second, Plaintiff alleges that his grievance for medical attention was ignored, and instead, he was threatened with removal from inmate worker status. He alleges discrimination based on his "sexuality and HIV diagnosis." (Doc. # 1 at 3.)

Third, he asserts that the lack of proper medical attention constitutes cruel and unusual punishment. This has resulted in his continuous suffering and fear of retaliation. (Doc. # 1 at 3.)

Plaintiff seeks injunctive relief to prevent further retaliation or discrimination, a possible medical bond, compensation for pain and suffering, and an immediate evaluation and continued care from a provider other than Defendant Jason Smoak. (Doc. # 4.)

## III. Defendants' Motion for a More Definite Statement

Defendants move the court under Rule 12(e) to require Plaintiff to clarify the Complaint, citing a lack of "factual and legal specificity." (Doc. # 22 at 1.) They argue that the Complaint is vague and ambiguous, failing to clearly identify the legal basis for the claims and to specify allegations against any Defendant other than Jason

2

Smoak. Additionally, Defendants contend that the Complaint consists of "generalized assertions of constitutional violations," is "disorganized and incoherent," and "does not clearly state the nature of the relief sought." (Doc. # 22 at 3.) Based on these shortcomings, Defendants label the Complaint as an impermissible "shotgun pleading," arguing that it does not provide adequate notice of the claims or the grounds upon which each claim rests. (Doc. # 22 at 2.)

Defendants request the court to order Plaintiff to file an amended complaint that clearly sets forth the specific legal claims and identifies the defendants associated with each claim. Additionally, they contend that the amended complaint must detail the factual basis for each claim and specify the relief sought. (Doc. # 22 at 4.)

## IV. Legal Standard

Rule 12(e) of the Federal Rules of Civil Procedure provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "The motion . . . must point out the defects complained of and the details desired." *Id.*

The standard for granting a Rule 12(e) motion focuses on whether the pleading is unintelligible, rather than lacking in detail. *Wyndham Vacation Ownership, Inc. v. Clapp Bus. L., LLC*, 411 F. Supp. 3d 1310, 1318 (M.D. Fla. 2019). Additionally,

Rule 12(e) should be considered in conjunction with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." In the federal system, notice pleading is used, meaning that a pleading must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Motions for a more definite statement generally are disfavored due to liberal discovery practices. *Scarfato v. The Nat'l Cash Register Corp.*, 830 F. Supp. 1441, 1443 (M.D. Fla. 1993).

Courts should grant, however, a Rule 12(e) motion when a complaint is a "shotgun pleading." *See Barmapov v. Amuial*, 986 F.3d 1321, 1329 (11th Cir. 2021) (explaining the defendants' options when faced with a shotgun pleading, including that they can move for a more definite statement); *see generally Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (explaining that "[c]omplaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings'") (citing Fed. R. Civ. P. 8(a)(2), 10(b)).[1] Finally, although pleadings by *pro se* litigants are subject "to less stringent

---

[1] In *Weiland*, the Eleventh Circuit identified four categories of shotgun complaints, namely, (1) those "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) those that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) those that do "not separat[e] into a different count each cause of action or claim for relief"; and (4) those that "assert[s] multiple claims against multiple defendants without specifying which of the defendants

4

standards than formal pleadings drafted by lawyers," *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014), they still must comply with the Federal Rules of Civil Procedure. *Muhammad v. Muhammad*, 561 F. App'x 834, 837 (11th Cir. 2014).

## V. Discussion

A review of the Complaint and Defendants' arguments reveals that the Complaint is vague and ambiguous and requires repleading. Plaintiff will be granted an opportunity to correct these deficiencies by filing an amended complaint.

First, the Complaint is vague and ambiguous as to how each Defendant, other than Jason Smoak, allegedly violated the United States Constitution. *See* Fed. R. Civ. P. 12(e). The Complaint must state with "some minimal particularity how overt acts of the defendant caused a legal wrong." *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citation and internal quotation marks omitted). However, it does not adequately inform Defendants Commander Moore, Corporal Phillips, and Donald J. Valenza of their roles in the alleged constitutional violations. The Complaint, which largely is written in the passive voice, makes no mention of these Defendants. Although Plaintiff alleges the denial of adequate medical care, ignored medical grievances, and potential retaliation, the Complaint does not specify the

---

are responsible for which acts or omissions or which of the defendants the claim is brought against." 792 F.3d 1321–23 (citations omitted)).

actions or omissions attributed to Defendants Commander Moore, Corporal Phillips, and Donald J. Valenza. Plaintiff must state clearly how each named Defendant violated his constitutional rights and the date(s) on which the incident(s) occurred.

Second, to the extent the Complaint seeks to hold Defendants liable for their supervisory roles, it lacks critical allegations. Supervisory officials cannot be held "liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Myrick v. Fulton Cnty., Ga.*, 69 F.4th 1277, 1297 (11th Cir. 2023) (citation and internal quotation marks omitted). "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Id.* (citation and internal quotation marks omitted). If Plaintiff seeks to establish liability against a Defendant in a supervisory role for the actions of his or her subordinates, the Complaint must allege either Defendant's personal participation or a causal connection to the alleged constitutional violation.

The absence of the foregoing allegations leaves Defendants without enough information to understand their roles in the alleged constitutional violations. This hinders their ability to prepare an appropriate defense.[2]

---

[2] A motion for a more definite statement is not a substitute for a motion to dismiss. However, Plaintiff should be aware that a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure may be forthcoming if the amended complaint shows on its face that a defendant

## VI. Conclusion

Based on the foregoing, it is ORDERED that Defendant's Motion for a More Definite Statement (Doc. # 22) is GRANTED to the following extent. Plaintiff is DIRECTED to file an amended complaint by **July 22, 2025,** that does the following:

(1)   Names as Defendants the individuals he contends are personally responsible for the alleged violations of his constitutional rights;

(2)   Describes how each named Defendant acted or failed to act in a manner that deprived Plaintiff of his constitutional rights;

(3)   Describes how the acts or omissions of each Defendant harmed him;

(4)   Presents a short and plain statement of the claim showing that Plaintiff is entitled to relief and that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555; Fed. R. Civ. P. 8(a)(2).

To assist Plaintiff in complying with this Memorandum Opinion and Order, the Clerk of Court is DIRECTED to provide him with a copy of the updated form used by prisoners to file § 1983 complaints. Plaintiff must use this form in filing his

---

lacks the capacity to be sued. Plaintiff has named the Houston County Jail as a Defendant, but under Alabama law, county jails, including the Houston County Jail, do not possess the legal capacity to be sued under § 1983. In *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992), the Eleventh Circuit held that a county jail is not a legal entity subject to suit under § 1983. Similarly, in *Davis v. Elmore County Jail*, 2023 WL 4632388, at *9 (M.D. Ala. July 19, 2023), the district court reaffirmed this principle, citing *Dean*. Therefore, Plaintiff's claims against the Houston County Jail are improper.

amended complaint. The amended complaint will supersede the original complaint. Thus, this case will proceed only against the defendants named and claims presented in the amended complaint.

Plaintiff is expressly cautioned that a failure to comply with the terms of this Memorandum Opinion and Order will result in dismissal for failure to prosecute and comply with an order of the court.

DONE this 30th day of June, 2025.

/s/ W. Keith Watkins  
UNITED STATES DISTRICT JUDGE